MATTHEW S. KOHM 6103
ATTORNEY AT LAW
Tel: (808) 249-8968
Email: mkohm@hawaii.rr.com
1335 Hiahia Street
Wailuku, Maui, HI  96793
Toll Free Fax:   (888) 641-7083
Attorney for Plaintiff
MARIA B. ESTRADA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA B. ESTRADA,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MAUIAN HOTEL, LLC; JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE PARTNERSHIPS 1-5; DOE ENTITIES 1-5 and DOE GOVERNMENTAL UNITS 1-5;<br><br>Defendants. | CIVIL NO.  1:21-cv-00335-JAO-RT<br>*(Other Non-Vehicle Tort)*<br><br>FIRST AMENDED COMPLAINT<br><br><br><br>TRIAL DATE: May 8, 2023<br>JUDGE: Hon. Jill A. Otake |

FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff MARIA B. ESTRADA by and through her attorney MATTHEW S. KOHM ESQ., for a First Amended Complaint against Defendant(s) above-named, under FRCP Rules 7, 8 & 10, and hereby claims against said Defendant(s) jointly and severally as follows:

1. At all times relevant herein Plaintiff MARIA B. ESTRADA (hereinafter "Plaintiff" or "ESTRADA", or "MARIA ESTRADA") is and was a citizen and resident of the State of Maryland visiting Hawaii.

2. At all times relevant herein Defendant THE MAUIAN HOTEL, LLC (hereinafter

"Defendant Mauian Hotel" or "MAUIAN") is a Utah limited liability company that manages, operates and maintains The Mauian Hotel in Napili, Maui, Hawaii (Lahaina).

3.     Unidentified Defendants JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE PARTNERSHIPS 1-5; DOE ENTITIES 1-5 and DOE GOVERNMENTAL UNITS 1-5, named herein are sued under their fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs.  Plaintiffs prays for leave when the true names and capacities of said Defendants are ascertained, and that the same shall be identified with appropriate allegations, amendments of pleadings and service thereon made.  Each of the fictitious Defendants named herein is believed to be connected in some manner with the named Defendant and/or the events described herein, as agents, servants, employers, employees, representatives, co-venturers, associates, co-responsible, inspectors or licensors, of the above-named Defendant(s).  Each of the fictitious Defendants designated herein individually or in association with the named Defendant is negligently responsible and/or strictly liable in some manner for the events herein referred to which conduct proximately caused the injuries and damages sustained by Plaintiff(s) herein alleged. Upon identification and proper motion, Plaintiff(s) pray for leave to identify and name Doe Defendants as parties to this action.

4.     All matters alleged herein occurred in Lahaina, County of Maui, State of Hawaii, and are within the jurisdiction of the United States District Court for the State of Hawaii.

5.     This Court has jurisdiction under the diversity of citizenship as Plaintiff is a citizen of the State of Maryland and Defendant Corporation is incorporated under the State of Utah.

6.     The amount in controversy exceeds $75,000.00 (Seventy-Five Thousand Dollars).

7.     On or about April 12, 2017, Plaintiff ESTRADA was walking at the hotel in a

pathway from the beach, in a corridor of egress/ingress, regularly traversed by pedestrians at the hotel, when she slipped and fell from an elevation change due to failure to maintain the area, grounds and/or transition, causing her to tumble down upon the walkway, striking and injuring her body in multiple places.

8. As a result of the fall, Plaintiff ESTRADA sustained injury that includes but is not limited to a dislocated shoulder, required surgery, injury to her back, shoulder, hand, neck and other bodily injury, requiring medical care, convalescence and prolonged treatment.

9. That on or about April 12, 2017, Plaintiff was a guest of Defendant Mauian Hotel when she sustained serious injuries after falling due to defective, deceptive, hidden and/or poorly maintained walkway and grounds.

10. Defendant Mauian Hotel operating a resort hotel had a heightened duty of care to their guests under the law of innkeepers.

11. The injuries sustained by Plaintiff ESTRADA were due to the negligence of the Defendant Mauian Hotel, whose negligence includes, but is not limited to the failure to properly correct, maintain, repair, and/or warn guests of the dangerous condition, failure to take necessary precautions to prevent untimely access to the dangerous area and/or falling from the defective condition, and failure to aid and/or protect hotel guests on Defendant Mauian Hotel's property.

12. Defendant Mauian Hotel had a duty of reasonable care to inspect, recommend, monitor, maintain, service, timely repair, and warn about the dangerous and hazard conditions on its premises, and a duty to aid and protect those invited, solicited and engaged to the premises as hotel guests.

13. Defendant Mauian Hotel had a duty to make their premises safe for those who are reasonably anticipated to be on the premises.

14. The defective, improper, broken, hidden and/or poorly maintained beach access and/or walkway grounds created an unsafe condition for hotel guests, and defendants knew or should have known could cause injury to visitors on the premises.

15. Defendant Mauian Hotel, was operating in the management, administration and control of providing hotel resort facility, grounds, and rooms to the public, and as such is liable for the conduct, actions and/or omissions of the land owner under the principals of joint enterprise and/or master-servant and/or principal-agent.

16. Plaintiff ESTRADA's injuries and losses were caused by the affirmative acts and/or omissions to act of Defendant Mauian Hotel, stemming from Defendant Mauian Hotel's negligence, strict liability, breach of warranty, gross negligence, reckless and/or willful and wanton conduct of Defendant Mauian Hotel, their agents, servants and employees, including but not limited to their negligence, strict liability, breach of warranty, gross negligence, reckless and/or willful and wanton conduct in warning, controlling, inspecting, repairing, maintaining, managing and/or failure to control, warn, aid, protect, and/or barricade or limit access to those areas rendered dangerous and hazardous.

17. As a direct and proximate result of the negligence of Defendant Mauian Hotel, Plaintiff ESTRADA has suffered severe and permanent physical injury, mental and emotional distress, mental anguish, limitations of activities, loss of enjoyment of life, permanent partial physical impairment, medical care in treatment expenses, loss of income, diminished earnings, future medical expenses, and such other and further damages as shall be proved at trial.

COUNT II --Public Nuisance

18. Plaintiff reasserts and alleges paragraphs one through 17 herein.

19. The Defendant Mauian Hotel maintains a hotel grounds and facility, exposed to

the elements, and intended to be at grade with the ocean front, lawn and hotel grounds.

20. The subject walkway along the beach contains concrete walkway for exterior use, and the surrounding sand is subject to beach erosion creating pedestrian access issues.

21. The walkway provides ingress and egress for beach access to Napili Bay, a feature marketed and provided to prospective guest customers.

22. Defendant Mauian Hotel failed to provide any surfacing, railings, barricades, signs, matting or warnings to guard against the beach erosion.

23. That Defendant, by acting or failing to act in the maintenance, control and administration of its hotel property, created a condition that was harmful to health and/or was indecent or offensive to the senses.

24. Because the hotel is open to the public and Defendant invites guests to lodge at the property, the defective condition affected a substantial number of people at the same time.

25. An ordinary person would be reasonably annoyed or disturbed by the nonconforming and defective conditions.

26. The seriousness of the harm outweighs the social utility of Defendant Mauian Hotel's joint and/or several conduct.

27. The Plaintiff did not consent to Defendant Mauian Hotel's conduct of acts and/or omissions.

28. That Plaintiff suffered harm that was different from the type of harm suffered by the general public.

29. The Defendant Mauian Hotel's conduct jointly and/or severally was a substantial factor in causing Plaintiff's harm.

WHEREFORE, upon a hearing hereon, and pursuant to FRCP Rule 54, Plaintiff Plaintiffs MARIA B. ESTRADA prays for judgment in her favor and against Defendant(s) above named for damages as shall be proven:

    a.    General Damages;

    b.    Special Damages;

    c.    Attorney's fees and costs;

    d.    For pre and post-judgment interest; and

    e.    For such other relief as Plaintiff may be entitled.

DATED: Wailuku, Maui, Hawaii, October 7, 2022.

                                            \S\ *Matthew S. Kohm*
                                            MATTHEW S. KOHM
                                            ATTORNEY FOR PLAINTIFF
                                            MARIA B. ESTRADA